IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROGELIO SANTANA, | ) | |
|---|---|---|
| | ) | Civil Action No. 09 - 305J |
| Petitioner, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| CAMERON LINDSAY, Warden of | ) | |
| Moshannon Valley Correctional Center; | ) | |
| FEDERAL BUREAU OF PRISONS; and | ) | |
| CORNELL COMPANY, INC., | ) | |
| | ) | |
| Respondents. | ) | |

# MEMORANDUM OPINION AND ORDER[1]

Petitioner, Rogelio Santana, a federal prisoner incarcerated at the Federal Correctional Institution at Allenwood located in White Deer, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that he is in custody in violation of the federal sentencing statutes because the federal Bureau of Prisons (BOP) calculated his sentences incorrectly. For the reasons set forth below, the Petition will be denied.

## A. Relevant Factual and Procedural History

The record evidence reflects the following facts. On March 9, 2002, Petitioner was arrested by officers of the Puerto Rico Police Department. On March 10, 2002, Petitioner was moved to the Rio Piedras Penitentiary pursuant to ten (10) local robbery and weapons cases. On March 12, 2002, the United States District Court for the District of Puerto Rico issued a *Writ of Habeas Corpus Ad Prosequendum* directing the United States Marshals Service and the Warden of the Puerto Rico State

---

[1]. In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Penitentiary to deliver the Petitioner into federal custody for processing of federal criminal charges. On March 27, 2002, Petitioner was charged with a four count federal indictment.

On June 26, 2002, Petitioner was sentenced in San Juan Superior Court to 12 years imprisonment to run concurrently in connection with the local robbery and weapons cases.

On September 16, 2002, Petitioner pled guilty to Counts One and Two of the federal Indictment. On January 31, 2003, Petitioner was sentenced in the United States District Court for the District of Puerto Rico to 24 months as to Count One and 84 months as to Count Two. The Court directed that the sentences be served consecutively to each other for a total term of 108 months. The Court directed that the 108 month federal sentence be served concurrently with any other sentence to which Petitioner was subject.

On January 6, 2008, the Bureau of Prisons (BOP) requested a federal detainer be lodged against Petitioner with local authorities. On August 6, 2008, Petitioner completed service of the sentence imposed by the San Juan Superior Court and he was released to the federal detainer. The sentence computation from Puerto Rico reflected that Puerto Rico credited all time served from June 26, 2002 through August 4, 2008, against the sentence imposed by the San Juan Superior Court. Also, all time served in official detention from March 10, 2002 through June 26, 2002, was credited as jail time credit against the 12 year sentence.

On January 5, 2009, Petitioner was designated to the Moshannon Valley Correctional Center (MVCC) and Petitioner's federal sentence was computed by the BOPs' Designations and Sentence Computation Center. Petitioner's sentence commenced upon imposition on January 31, 2003. Petitioner was awarded one day of prior custody credit for time served in official detention on March 9, 2002, that was not credited against the 12 year sentence imposed by the Superior Court of Puerto Rico. Assuming that Petitioner receives all good conduct time (GCT) available to him under 18 U.S.C. § 3624(b), his projected release date is December 26, 2010.

## B. Federal Sentence Calculation

The Attorney General is vested with authority to make sentencing credit determinations as set forth in 18 U.S.C. § 3585. *See* United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Ifeoluwa, 238 Fed. App'x 895, 900 (3d Cir. 2007) ("[t]he power to grant sentencing credit under §3585(b) is vested with the Attorney General of the United States."). The Attorney General, under 28 C.F.R. § 0.96, delegated this authority to the BOP. United States v. Brann, 990 F.2d 98, 103-104 (3d Cir. 1993).

The interpretation of a statute by the agency charged with administering it is entitled to some deference, so long as its interpretation is not clearly erroneous or contrary to law or the constitution. Reno v. Koray, 515 U.S. 50, 60 (1995). Thus, the standard of review of the BOP's actions in crediting Petitioner's federal sentences is limited to determining whether the BOP abused its discretion. Espinoza v. Sabol, 558 F.3d 83, (1st Cir. 2009) ("Most circuits consider that the district court's review of a BOP decision about credits is for abuse of discretion."). Moreover, the BOP is presumed to follow the law and so it is Petitioner's burden to show otherwise in this Section 2241 petition and to show that the BOP abused its discretion in calculating Petitioner's sentences. *See, e.g.*, Garner v. Jones, 529 U.S. 244, 256 (2000) ("we presume the Board [of Pardons and Paroles of Georgia] follows its statutory commands and internal policies in fulfilling its obligations."); United States v. Aviles, 623 F.2d 1192, 1198 (7th Cir. 1980) ("the presumption of regularity attends official acts of public officers and the courts presume that their official duties have been discharged properly."); Eccleston v. U.S., Civ. A. No. 09-2654, 2010 WL 445662, at *5 (D.N.J. Feb. 3, 2010) ("Petitioner has not established any abuse of discretion in the BOP's consideration of his request" for sentencing credits).

A federal prisoner's sentence calculation is governed by 18 U.S.C. § 3585, Calculation of a term of imprisonment. Paragraph (a) of the statute governs the date upon which a prisoner's sentence

3

commences, and paragraph (b) governs credit he receives for time he spent in official detention prior to the date his sentence commenced. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual (PS 5880.28).[2] Thus, in any computation of a federal sentence, two separate decisions must be made: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). *See also* Dutton v. U.S. Attorney General, __ F.Supp.2d __, __, 2010 WL 2000370, at *3 (W.D.N.Y., May 20, 2010).

1. Commencement of a Federal Sentence

The date upon which a federal sentence commences is controlled by 18 U.S.C. § 3585(a), which provides as follows:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at*,* the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP has interpreted § 3585(a) such that it will not commence a federal sentence earlier than the date on which it was imposed. *See* PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). *See also* Rashid v. Quintana, 372 Fed. App'x 260, 262 (3d Cir. 2010) ("A federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence."). Thus, a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served. Rashid, 372 Fed. App'x at 2, n.7; Peterson v. Marberry, Docket Civil

---

2. BOP programs statements are available in full on its website, www.bop.gov.

No. 07-56, 2009 WL 55913 at *3-5 (W.D. Pa. Jan.5, 2009) (citing PS 5880.28, Chapt. 1, Pages 12-13, and explaining in detail BOP policies regarding § 3585(a)).

A threshold issue in determining the commencement date of a Federal sentence is whether the defendant was in primary Federal or primary non-Federal custody at the time the Federal sentence was imposed. If the defendant was in primary Federal custody, the Federal sentence will commence upon imposition. 18 U.S.C. § 3585(a). If, however, the defendant was in primary State or other non-Federal custody at the time the Federal sentence was imposed, the BOP must determine whether the Federal sentencing court expressly indicated its intent as to whether the federal sentence run concurrently with, or consecutively to, the non-Federal sentence. 18 U.S.C. § 3584(a). If the Federal court expressly indicated an intention to have its sentence run concurrently with the non-Federal sentence, the Bureau of Prisons will designate the State correctional facility as the place for the defendant to serve his Federal sentence. In such cases, the Federal sentence will be deemed to commence upon imposition. *See* 18 U.S.C. §§ 3585(a), 3621(b). However, if the Federal sentencing court was silent as to whether it intended its sentence to run concurrently, the court's silence will be construed as an intent to impose a consecutive sentence. 18 U.S.C. § 3584(a). In such cases, the Federal sentence will commence only when primary non-Federal custody over the defendant is relinquished. 18 U.S.C. § 3585(a).

The first bedrock principle in this case is that where an individual has committed crimes against two sovereigns, the issue of who has jurisdiction over him is a matter of comity between the two sovereigns. Ponzi v. Fessenden, 258 U.S. 254, 262 (1922). As to the federal government, the authority to exercise this comity rests with the Attorney General, and an individual may not complain about her decisions. See Poland v. Stewart, 117 F.3d 1094, 1098 (9th Cir.1997) ("It is the Attorney General's job to exercise the authority of the United States over federal prisoners. If she chooses to leave [an individual] in the custody of the State ..., neither [the individual] nor this court is in a

position to say she lacks the authority under the Constitution to do so."); Bowman v. Wilson, 672 F.2d 1145, 1154 (3d Cir. 1982) (" '[t]he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner.' ") (quoting Derengowski v. United States, 377 F.2d 223, 224 (8th Cir.1967)) (alteration by quoting court). A corollary to this principle is that a determination as to concurrence of sentence made by one sovereign does not bind the other. A prisoner may not, by agreeing with the state authorities to make his sentence concurrent with a federal sentence, " 'compel the federal government to grant a concurrent sentence.' " Pinaud v. James, 851 F.2d 27, 30 (2d Cir. 1988) (quoting United States v. Sackinger, 704 F.2d 29, 32 (2d Cir.1983)).

In this case, the federal District Court ordered that Petitioner's federal sentence should run concurrently with his Puerto Rico sentence. Thus, the BOP granted Petitioner a *nunc pro tunc* designation under 18 U.S.C. § 3621(b) and it calculated his federal sentence as having commenced pursuant to § 3585(a) on the date it was imposed, *i.e.* on January 31, 2003, notwithstanding the fact that Petitioner was in the custody of Puerto Rico. *See* PS 5880.28, Chapt. 1 at Pages 13, 32A-33; PS 5160.05 at pages 2-12. That date is the earliest possible date that the BOP could have computed Petitioner's federal sentence as having commenced. PS 5880.28, Chapt. 1 at page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). *See also* United States v. LaBeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998) ("We see nothing in [§ 3585(a) ] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine

6

when a sentence is deemed to commence[.]") (internal quotations and brackets omitted). Thus, Petitioner's sentence-commencement date has been calculated the same as it would have been had he been in the primary custody of the federal government and he is receiving the maximum amount of sentencing credit available to him under § 3585(a).

2.  Prior Custody Credit

The second calculation in arriving at Petitioner's projected release date is whether he is entitled to any prior custody credit. Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides as follows.

> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> That has not been credited against another sentence.

18 U.S.C. § 3585(b). The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001)[3]; United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007); Chambers, 920 F.Supp. at 623 ("Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence.").

---

3. Rios was superseded by statute on unrelated grounds to the extent that the court applied a version of the United States Sentencing Guidelines § 5G1.3 prior to its amendment, effective November 1, 1995. See United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000).

In this case, the BOP granted Petitioner a *nunc pro tunc* designation under 18 U.S.C. § 3621(b) and calculated his federal sentence as having commenced pursuant to § 3585(a) on the date it was imposed. Thus, Petitioner began serving his federal 108 month sentence on January 31, 2003, the date it was imposed while he was in the custody of Puerto Rico. Petitioner served the concurrent phase of his sentences from January 31, 2003, the date his 108 month federal sentence commenced, through August 6, 2008, the date he completed the Puerto Rico sentence and was transferred to federal custody. Calculating his sentence to run from January 31, 2003, he was required to serve a total of 108 months on his federal sentence. He received one day of prior custody credit for March 9, 2002 because that day was not credited toward his Puerto Rico sentence. Thus, his maximum expiration date for his federal sentence is January 29, 2012 (January 31, 2003 plus 108 months minus one day). Pursuant to 18 U.S.C. § 3624(b), Petitioner may receive up to 399 days good conduct time. Assuming he receives all good conduct time available to him under § 3624(b), his projected release date would be December 26, 2010 (*i.e.*, subtract 399 days from January 29, 2012).

All time Petitioner served in official detention from March 10, 2002 (the date after he was jailed on his state arrest) until January 31, 2003 (the date his federal sentence commenced and he began receiving federal sentencing credit under § 3585(a)) was credited against the sentences imposed by Puerto Rico. Therefore, the BOP was statutorily precluded from granting Petitioner with prior custody credit under § 3585(b) for any time he spent in official detention between those dates. Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence); Rios, 201 F.3d at 274 (statute governing award of credit for pre-federal incarceration does not permit credit on federal sentence for time served and credited against another sentence); Chambers, 920 F.Supp. at 623 ("Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence.").

Petitioner argues that Puerto Rico relinquished primary custody over him on March 13, 2002, the date he was "borrowed" by federal authorities pursuant to a *Writ of Habeas Corpus Ad Prosequendum*. Thus, he contends that he is entitled to prior custody credit for time served from March 13, 2002 through January 31, 2003. It is well settled that a prisoner detained pursuant to a *writ of habeas corpus ad prosequendum* is considered to remain in the primary custody of the sending sovereign unless and until that sovereign relinquishes jurisdiction over the person. *See, e.g.*, Ruggiano v. Reish, 307 F.3d 121, 125 n. 1 (3d Cir. 2002). The sending sovereign retains primary custody and the receiving sovereign (in this case, the federal government) is considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. *Id*. Because the receiving sovereign merely obtains limited jurisdiction over the "borrowed" prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign. Thus, when a defendant is borrowed from the primary custodian via a *Writ of Habeas Corpus Ad Prosequendum*, principles of comity require the return of the defendant to the primary custodian when the prosecution has been completed. Delima v. United States, 41 F.Supp. 2d 359 (E.D.N.Y. 1999), *aff'd*, 213 F.3d 625 (2d Cir. 2000).

There is no evidence that Puerto Rican authorities relinquished primary jurisdiction over Petitioner at anytime between March 13, 2002 (the date he was "borrowed" pursuant to writ of habeas corpus) and January 31, 2003 (the date his sentence commenced). Thus, he is not entitled to habeas corpus relief on this basis.

3. Qualified Non-Federal Presentence Credits

Petitioner contends that he is entitled to prior custody credit against his federal sentence for time served in official detention from March 13, 2002 through January 31, 2003 pursuant to the precedents set forth in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) and Willis v. United States,

9

438 F.2d 923 (5th Cir. 1971). In these cases interpreting 18 U.S.C. § 3585(b), the courts recognized two limited exceptions to the rule prohibiting double prior custody credit. The Kayfez and Willis exceptions to the general rule prohibiting double crediting are referred to as "qualified non-federal presentence credits." *See* BOP Program Statement 5880.28, Sentence Computation Manual, at pp. 1-14, 1-20B.

In Kayfez, the Court held that a limited amount of double credit may be granted if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the raw effective full term (EFT)[4] date of the non-federal term is later than the raw EFT of the federal term,3 and (3) the non-federal raw EFT, after application of qualified non-federal presentence time[5], is reduced to a date that is earlier than the federal raw EFT date. In Willis, the Court held that limited amount of non-federal presentence credit may be granted if the following conditions are present: (1) the non-federal and the federal sentences are concurrent; and (2) the non-federal raw EFT is either the same or earlier than the federal raw EFT.

The BOP has determined that Petitioner does not qualify for Kayfez credit because he meets only the first two of the three prongs set forth above. Specifically, Petitioner's federal raw EFT is January 30, 2012 (108 month (or nine year) sentence commencing on January 31, 2003). Petitioner's non-federal raw EFT is June 25, 2014 (12 year Puerto Rico sentence commencing on June 26, 2002). There are 878 days between the federal raw EFT (January 30, 2012), and the non-federal raw EFT (June 25, 2014). There are 109 days of qualified non-federal presentence time

---

4. The raw EFT is the full term date of a sentence without reference to prior custody credit or good conduct time. It is determined by adding the length of the sentence imposed to the commencement date of the sentence. PS 5880.28, Chapt. 1 at page 14.

5. Qualified non-federal presentence time is the number of days between the date of nonfederal arrest and the date the first sentence (whether federal or non-federal) commences. *See* PS 5880.28, Chapt. 1 at page 23.

(in this case qualified non-federal presentence time is the time served between March 9, 2002, and June 26, 2002). Thus, while Petitioner satisfies the first two prongs of Kayfez, he does not satisfy the third. In this regard, Petitioner's non-federal EFT (June 25, 2014), after application of 109 days qualified presentence time is March 8, 2014. March 8, 2014 is later than the federal raw EFT date of January 30, 2012. Because his non-federal EFT date after adjusted by qualified non-federal presentence credit is later than his federal raw EFT date, Petitioner is not eligible for qualified credit under the BOP's Kayfez policy.

Petitioner does not qualify for Willis credit either because the non-federal raw EFT (June 25, 2014) is neither the same as, nor earlier than, the non-federal raw EFT date (January 30, 2012). Therefore, because Petitioner's case is distinguishable from Kayfez and Willis, he is not entitled to qualified non-federal presentence credits.

For the foregoing reasons, Petitioner has not demonstrated that he is entitled to habeas corpus relief. An appropriate Order follows.

## ORDER

**AND NOW**, this 14th day of September, 2010;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Santana Rogelio
23394-069

FCI Allenwood
P.O. Box 2000
White Deer, PA 17887